DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant Danny R. Barnett appeals the trial court's decision that adopted the magistrate's decision disbursing assets held in a trust account pursuant to the parties' divorce decree. Appellant challenges the trial court's adoption of the magistrate's decision. He complains that the trial court's findings are against the manifest weight of the evidence. He also argues that the magistrate erred by limiting the testimony of a witness. Because appellant failed to raise any of the specific arguments he seeks to raise on appeal when he filed his objections to the magistrate's decision, he may not raise them for the first time on appeal. Consequently, he has waived the *Page 2 
issues for appellate review. Therefore, we overrule appellant's assignments of error and affirm the trial court's judgment.
 I. FACTS {¶ 2} In July of 2002, the parties divorced. The parties' separation agreement placed funds in a trust account that was used to pay the parties' debts and then divided. The parties' assets were transferred to one party so that party could control the sale of the asset. Ervin Hill Enterprises., Inc. was awarded to appellant, but the money derived from the sale was to be placed in the trust account and divided later. The duplexes were awarded to appellee, and the money derived from the sale was to be placed in the trust account. Appellant subsequently objected to the disbursement of the funds in the trust account.
 {¶ 3} On March 25, 2004, the magistrate issued a decision after holding a hearing regarding the distribution of the parties' trust account funds. The magistrate determined that appellant should receive $10,416.91 and appellee should receive $1,159.48. The magistrate then determined that appellant owed appellee $2,775 for failing to comply with its prior personal property division, and $3,500 for appellee's share of an insurance policy. *Page 3 
The magistrate therefore found that appellant was entitled to $4,141.91, and appellee was entitled to $7,434.48.
 {¶ 4} Appellant filed objections to the magistrate's objections. However, the trial court summarily overruled them because he failed to support his objections with a transcript or an affidavit of the evidence.
 {¶ 5} On May 5, 2004, the trial court adopted the magistrate's decision. The court ordered the trust fund amount to be disbursed as follows: $4,141.91 to appellant and $7,434.48 to appellee. Appellant timely appealed the trial court's judgment.
 II. ASSIGNMENTS OF ERROR {¶ 6} Appellant raises the following assignments of error:
 {¶ 7} I. "THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY ALLOWING APPELLEE TO RETAIN THE DISBURSEMENT OF $24,500 IN PROCEEDS RECEIVED BY APPELLEE BY VIRTUE OF A NOTE AND MORTGAGE ON REAL PROPERTY WITHOUT ANY ACCOUNTING OF THE DISBURSEMENT OF THOSE PROCEEDS."
 {¶ 8} II. "THE PARTIES HAD TWELVE LOAN ACCOUNTS WITH MERCHANTS NATIONAL BANK, AND THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY FAILING TO HAVE THE APPELLEE ACCOUNT FOR THE LOAN PAYOFFS, THE PURPOSE OF THE LOANS AND THE ASSESSMENT OF THE LIABILITIES AGAINST THE EQUAL DISTRIBUTION OF THE PARTIES' MARITAL ASSETS AND LIABILITIES." *Page 4 
 {¶ 9} III. "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO ORDER THE ACCOUNTING OF THE DISBURSEMENT OF THE $56,839.91 FROM THE KOOGLER ESCROW ACCOUNT."
 {¶ 10} IV. "THE DISBURSEMENT OF THE PROCEEDS FROM THE ERVIN SAND AND GRAVEL PIT WAS NEVER PROPERLY ACCOUNTED FOR BY THE DOBYNS ACCOUNTING."
 {¶ 11} V. "THE DISBURSEMENT OF THE SALE PROCEEDS FROM THE SALE OF THE PARTIES' DUPLEXES WAS NEVER PROPERLY ACCOUNTED FOR BY THE DOBYNS' ACCOUNTING."
 {¶ 12} VI. "THE DOBYNS ACCOUNTING FAILED TO SHOW THE DISBURSEMENT FOR A NUMBER OF MARITAL OBLIGATIONS WHICH SHOULD HAVE BEEN PAID OFF BY THE ESCROWED FUNDS."
 {¶ 13} VII. "THE DOBYNS ACCOUNTING INCLUDED A LOAN OBLIGATION WHICH ALLEGEDLY WAS PAID OFF YET THE ACCOUNTING DID NOT EXPLAIN WHICH PARTY HAD PAID OFF THE LOAN NOR THE PURPOSE OF THE OBLIGATION."
 {¶ 14} VIII. "THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING A MOTION BY ATTORNEY LEE KOOGLER TO PRECLUDE HIS TESTIMONY REGARDING THE DISBURSEMENT OF THE PARTIES' MARITAL FUNDS DESPITED [SIC] ITS CLEAR RELEVANCE TO THE ISSUES BEFORE THE TRIAL COURT." *Page 5 
 III. ANALYSIS {¶ 15} Appellant's first seven assignments of error challenge the trial court's adoption of the magistrate's decision. Specifically, he complains that in adopting the magistrate's decision, the trial court failed to properly weigh and consider all of the evidence. His eighth assignment of error challenges the magistrate's decision to limit Koogler's testimony at the hearing.
 {¶ 16} Before considering the merits of appellant's assignments of error, we first must determine whether he properly preserved them for appellate review under Civ. R. 53(D)(3). A party waives the right to challenge the trial court's adoption of a magistrate's decision unless that party objects to the magistrate's decision in accordance with Civ. R. 53(D)(3). See Civ. R. 53(D)(3)(b)(iv). Under Civ. R. 53(D)(3), a party must file objections to a magistrate's decision within fourteen days of the decision. See id. at (b)(i). Moreover, "[a]n objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Id. at (b)(ii). Additionally, a party must support the objections with "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." *Page 6 
Id. at (b)(iii). "In essence, the rule is based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court."Cunningham v. Cunningham, Scioto 01CA2810, 2002-Ohio-4094, at ¶ 8.
 {¶ 17} If a party fails to comply with any of the provisions in Civ. R. 53(D)(3)(b), then "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law."
 {¶ 18} In the case at bar, while appellant timely filed his objections to the magistrate's decision, he did not raise the specific issues that he now seeks to raise on appeal.[1] Thus, because he failed to object to these factual *Page 7 
findings and legal conclusions, absent plain error, he has waived the right to assign them as error on appeal. See Jones v. Jones, Highland App. No. 06CA25, 2007-Ohio-4255, at ¶ 53 (failing to file specific objection results in waiver of issue on appeal); Dunn v. Dunn, Clark App. No. 05-CA-104, 2006-Ohio-4649, at ¶ 26; Beasley v. Beasley, Adams App. No. 06CA821, 2006-Ohio-5000, at ¶ 12 (same). Based upon the record before us, we are unable to find any plain error.
 {¶ 19} Moreover, appellant failed to support his objections with a transcript of all of the evidence submitted to the magistrate or with an affidavit of evidence. See Civ. R. 53(D)(3)(b)(iv). When a party fails to file a transcript of evidence or a Civ. R. 53(D)(3)(b)(iii) affidavit, our review is limited to determining whether the trial court abused its discretion when applying the law to the facts. See State ex rel. Duncanv. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728, 730,654 NE.2d 1254. As the court explained in Duncan: *Page 8 
 "When a party objecting to a [magistrate's decision] has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the [decision], appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the [magistrate's decision], and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record. High v. High (1993), 89 Ohio App.3d 424, 427, 624 N.E.2d 801, 802-803; Civ. R. 53(E)(6); Proctor v. Proctor (1988), 48 Ohio App.3d 55, 548 N.E.2d 287; see, also, Purpura v. Purpura (1986), 33 Ohio App.3d 237, 515 N.E.2d 27. In other words, an appeal under these circumstances can be reviewed by the appellate court to determine whether the trial court's application of the law to its factual findings constituted an abuse of discretion. Krause v. Krause (Apr. 27, 1995), Cuyahoga App. No. 66809, unreported, 1995 WL 248527."
 {¶ 20} An abuse of discretion is more than an error of judgment. Instead, it means that the trial court's ruling was unreasonable, arbitrary, or unconscionable. See, e.g., Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, we may not substitute our judgment for that of the trial court. See, e.g., Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 21} Here, based upon the limited record before us, we are unable to find an abuse of discretion. Accordingly, we overrule appellant's eight assignments of error and affirm the trial court's judgment.
 JUDGMENT AFFIRMED. *Page 9 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.
[1] Appellant's objections read, in relevant part, as follows:
 "* * * The parties [sic] separation agreement places funds in a trust account not an escrow account to be held by Lee Koogler. Lee Koogler was neglectful with these funds and is now under a lawsuit nu [sic] [appellant] for neglecting to fulfill his professional duties as [appellant]'s attorney. Page 4 of the separation agreement E. Ervin Hill Enterprises Inc. clearly states the stock shall be awarded to the husband free and clear of any interest of the wife. Page 4 F. Miscellaneous clearly states fund proceeds shall be deposited into the trust account described below. The separation agreement does not state any such trust account. The trust account or escrow account of both parties has never existed because of the acts of the defendant and intentionally defrauded [appellant] by withholding moneys from the trust account that was to be established after the sale of the real estate proceeds to be divided. [sic]
 In Line 8 of the mag[i]strate's decision states Ervin Hill Enterprises, Inc. was awarded to [appellant] free and clear of any interest of [appellee]. Page 2 Line 1 of the mag[i]strate's decision states the same is true for the duplexes owned by the parties. The moneys of the sale of the duplexes were never deposited because the separation agreement states free and clear of any interest of the husband.
 [Appellant] states that [appellee] and J. Michaels Dobynes [sic] has either by error or intentionally made the trust trust [sic] escrow account confusing and should be held responsible for their actions by paying all court costs to date and all court costs in resolving these matters.
 [Appellant] states that as confusing as the separation agreement seems, with the contridicctions [sic] taken out the calculations are pretty plain. Calculations should be fair and equitable as intended by [appellant's] agreement." *Page 1