[Cite as *Snell v. Snell*, 2014-Ohio-3285.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DIANE L. SNELL | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J. |
| | Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13CA80 |
| DOUGLAS D. SNELL | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Court of Common Pleas, Domestic Relations Division Case No. 2011 DIV 0587 |
| JUDGMENT: | Affirmed in part; Reversed in part and Remanded |
| DATE OF JUDGMENT ENTRY: | July 16, 2014 |
| APPEARANCES: | |

For Plaintiff-Appellee                     For Defendant-Appellant

DIANE SNELL, PRO SE                  DOUGLAS D. SNELL, PRO SE
213 N. Main St.                              7340 Garber Road
Butler, Ohio 44822                         Bellville, Ohio 44813

*Hoffman, P.J.*

{¶1} Defendant-appellant Douglas D. Snell appeals the August 6, 2013 Judgment Entry/Decree of Divorce entered by the Richland County Court of Common Pleas, Domestic Relations Division. Plaintiff-appellee is Diane L. Snell.

## STATEMENT OF THE FACTS AND CASE

{¶2} Appellant and Appellee were married on December 28, 1987, in Los Angeles, California. Eight children were born as issue of the marriage, four of the children were emancipated at the time of trial, and four were minors. Prior to the marriage, the parties entered into a pre-nuptial agreement.

{¶3} On December 22, 2005, Appellee sought a domestic violence civil protection order against Appellant, alleging Appellant not only physically, mentally, and emotionally abused her, but also intimidated and threatened her. The trial court issued an ex parte civil protection order on the same date. Following a full hearing, the trial court issued a domestic violence civil protection order on January 17, 2006. The order was modified on July 11, 2006, providing the parties with an opportunity to reconcile. The parties reconciled for a period of time between July, 2006, and September, 2007, at which point Appellee decided to leave Appellant as he allegedly once again began to verbally abuse, harass, and intimidate her.

{¶4} The parties executed a separation agreement ("the Agreement") on September 13, 2007. Appellee acknowledged she voluntarily signed the Agreement, but claimed such was done under mental and emotional duress. She hoped Appellant would leave her and the children alone if she signed the Agreement. Appellee filed a second petition for domestic violence civil protection order on October 7, 2009. The trial

court issued an ex parte civil protection order on the same date. Following a full hearing, the trial court issued a domestic violence civil protection order on October 23, 2009.

{¶5} Appellee filed a complaint for divorce on May 24, 2011. Appellant filed Defendant's Motion- Property Division on December 22, 2011, and Defendant's Action filed May 23, 2012. The trial court conducted a hearing on the motions on May 31, 2012. Via Judgment Entry filed June 22, 2012, the trial court overruled Appellant's motions, noting it had also considered the Memorandum in Support and Motion for Summary Judgment filed by Appellant on June 4, 2012. The trial court ruled the Agreement would not be enforced. The trial court found, assuming arguendo, the parties voluntarily entered into the Agreement, enforcement of such would not be in the interest of justice or equity.

{¶6} The trial court conducted the final hearing over the course of four days. Via Judgment Entry filed April 11, 2013, the trial court ordered Appellee be granted a divorce from Appellant. The trial court adopted stipulations of the parties, ordered Appellee to pay child support for two children, allocated the tax exemptions for dependents, divided the marital assets and debts, and awarded Appellee attorney fees in the amount of $2,500.00. The trial court found the parties' prenuptial agreement was not knowingly entered into by Appellee and was unconscionable; therefore, the trial court would not enforce it. The trial court determined the duration of marriage was from the date of marriage, December 28, 1987, to the date of final hearing, February 13, 2013. The trial court also found Appellant had not met his burden of proving $50,000 of equity in the parties' real estate was his separate property.

{¶7} The trial court issued its final Judgment Entry/Decree of Divorce on August 6, 2013.

{¶8} It is from the August 6, 2013 Judgment Entry/Decree of Divorce Appellant appeals. Appellant sets forth the following as his "Statement of Assignments of Error Presented for Review":

{¶9} "A. AWARDING THE PLAINTIFF'S ATTORNEY, AND BURDENING THE APPELLANT WITH, AND UNACCOUNTED FOR NEWLY CREATED DEBT OF $2500.00 ATTORNEY FEES.

{¶10} "B. ORDERS CUSTODY-RESIDENCY (AND TAX EXEMPTIONS) DIFFERENT THAN STIPULATIONS AND AGREEMENTS ON RECORD.

{¶11} "C. DENIES SEPARATION AGREEMENT, DENIES SUMMARY JUDGEMENT [SIC] IN PROCEDURAL ERROR.

{¶12} "D. FAILS TO RETURN PREMARITAL SEPARATE PROPERTY TO THE APPELLANT.

{¶13} "E. FAILS TO ACCOUNT FOR APPELLANT'S MARITAL DEBTS.

{¶14} "F. FAILS TO USE CORRECT VALUE FOR PARCEL #013.

{¶15} "G. FAILS TO USE THE PROPER SEPARATION DATE (MARRIAGE ENDED DATE) THAT IS FAIR AND EQUITABLE.

{¶16} "H. FAILS TO USE THE PROPER AUTOMOBILE VALUES, AND INCLUDES SEPARATE AUTOS IN MARITAL.

{¶17} "I. FAILS TO ISSUE A DECREE/JUDGEMENT [SIC] WITH ORDERS THAT ARE FAIR AND EQUITABLE.

**{¶18}** "J. FAILS TO ALLOW THE APPELLANT REPRESENTATION BY AN ATTORNEY."

A

**{¶19}** In Subsection A of his assignment of error, Appellant takes issue with the trial court ordering him to pay $2,500.00 of Appellee's attorney fees.

**{¶20}** R.C. 3105.73(A) governs the award of attorney fees and litigation expenses in domestic relations cases and provides: "In an action for divorce * * * or an appeal of that action, a court may award all or part of the reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate."

**{¶21}** "An award of attorney fees in a domestic relations action is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *McEnery v. McEnery,* 10th Dist. No. 00AP–69, 2000 WL 1863370 (Dec. 21, 2000) at *3, citing *Goode v. Goode,* 70 Ohio App.3d 125, 134, 590 N.E.2d 439 (10th Dist.1991).

**{¶22}** Upon our review of the record, we do not find the trial court abused its discretion in ordering Appellant to pay a portion of Appellee's attorney fees. Appellant's actions caused considerable delay in the resolution of this matter.

**{¶23}** Subsection A is overruled.

B

**{¶24}** In Subsection B, Appellant contends the trial court erred and abused its discretion by failing to issue orders regarding custody and tax exemptions for dependents pursuant to the parties' stipulations.

**{¶25}** When reviewing a ruling pertaining to the allocation of parental rights, the trial court is to be afforded great deference. *Miller v. Miller,* 37 Ohio St.3d 71, 523 N.E.2d 846 (1988). Thus, we will not reverse a child custody decision that is supported by a substantial amount of competent, credible evidence absent an abuse of discretion. *Bechtol v. Bechtol,* 49 Ohio St.3d 21, 550 N.E.2d 178, syllabus, 49 Ohio St.3d 21, 550 N.E.2d 178 (1990).

**{¶26}** Appellant argues the parties stipulated custody and residency of three of the four minor children would be with him, however, the trial court did not issue orders accordingly. At the June 16, 2012 trial, the parties discussed the living arrangements of the children. The parties agreed to a shared parenting plan with each party having custody of two children. However, the parties' minor son who was in Appellee's custody had recently moved into Appellant's residence. The parties stipulated three of the four children would reside with Appellant, and each party would have parenting time pursuant to Local Rule 24. The parties' stipulations were memorialized via Judgment Entry filed April 11, 2013, which provides, in relevant part:

> The parties shall share the parenting of the children. [T.S., C.S. and E.S.] shall reside primarily with [Appellant]. [Appellee] shall have parenting time pursuant to Local Rule 24 with [T.S., C.S. and E.S.]. [P.S.]

shall reside primarily with [Appellee].  [Appellant] shall have parenting time pursuant to Local Rule 24 with [P.S.]. * * *

{¶27} Via Judgment Entry filed August 6, 2013, the trial court adopted the parties' shared parenting plan as order of the court.   With respect to the allocation of parental rights and responsibilities, the shared parenting plan reads:

As provided by O.R.C. 3109.04, each party shall be deemed the residential parent and legal custodian of the parties' minor children, with physical residence of the minor children alternating between the parties as follows:  The minor children [T.S. and P.S.] shall primarily reside with [Appellee] and the minor children [C.S. and E.S.] shall primarily reside with [Appellant].  Each parent is entitled to parenting time with the children not in their primary care * * *.

{¶28} We find the trial court's order relative to the allocation of parental rights and responsibilities does not accurately reflect the parties' stipulations.  We vacate that portion of the Judgment Entry/Decree of Divorce, and remand the matter to the trial court to issue an order in accordance with the stipulations.

{¶29} We now turn to the portion of Appellant's argument which addresses the issue of the tax exemptions for dependents.

{¶30} We review a trial court's decision allocating tax exemptions for dependents under an abuse of discretion standard. See *Eickelberger v. Eickelberger,* 93 Ohio App.3d 221, 225–26, 638 N.E.2d 130 (1994), citing *Hughes v. Hughes,* 35 Ohio St.3d 165, 518 N.E.2d 1213 (1988). However, this discretion is both guided and limited by the statutory requirements of R.C. 3119.82.

{¶31} In the instant action, the trial court allocated the tax exemptions for three of the four children to Appellee, and the exemption for the remaining child to Appellant.

{¶32} A review of the record does not affirmatively demonstrate the trial court abused its discretion in allocating the tax dependency exemptions as it did. Primary residency of the children is not the sole determinative factor. We note Appellee received the tax exemptions only if she remained substantially current on her child support obligation.

{¶33} Subsection B is sustained in part, and overruled in part.

C

{¶34} In Subsection C, Appellant challenges the trial court's decision not to enforce the parties' separation agreement and failure to grant summary judgment in Appellant's favor on the issue.

{¶35} "A court may refuse to enforce a separation agreement if the agreement is not fair and equitable at the time of signing." *Jarvis v. Jarvis,* 9th Dist. No. 16618, 1994 WL 500887, *2 (Sept. 14, 1994). *See also* R.C. 3105.10(B)(2). Additionally, "[a] separation agreement that is the product of duress will be held to be unenforceable." *Quebodeaux v. Quebodeaux,* 102 Ohio App.3d 502, 505, 657 N.E.2d 539 (9th Dist.1995).

{¶36} The parties signed the Agreement of September 13, 2007. On December 22, 2011, Appellant filed a Motion – Property Division, asking the trial court to divide the parties' property pursuant to the Agreement. Appellant also filed a Memorandum in Support and Motion for Summary Judgment on June 4, 2012. Again, Appellant asked the trial court to enforce the property division set forth in the Agreement. The trial court

conducted a hearing on the motions.  Appellee testified she entered into the Agreement voluntarily, but did so under mental and emotional duress, explaining she hoped the parties' children would not be put through unnecessary pain and drama, and that she would not have to endure Appellant's wrath.

{¶37} Via Judgment Entry filed June 22, 2012, the trial court found the Agreement was not voluntarily entered into by the parties.  The trial court noted although Appellee admitted she "voluntarily" entered the Agreement, the court determined it would not be in the interests of justice and equity to enforce it given the coercive environment under which the Agreement was entered.

{¶38} We have reviewed the record related to the trial court's review of the Agreement, and conclude the trial court did not abuse its discretion by not enforcing the Agreement.

{¶39} Subsection "C" is overruled.

D

{¶40} In Subsection D, Appellant challenges the trial court's failure to award him $50,000 as his separate property.  Specifically, Appellant claims he had premarital cash on deposit in the amount of $47,000, plus $3,000 in accrued interest, which the parties used as a down payment on the marital residence.

{¶41} We review a trial court's classification of property as marital or separate under a manifest weight of the evidence standard and will affirm if the classification is supported by some competent, credible evidence. *Taub v. Taub,* 10th Dist. No. 08AP750, 2009-Ohio-2762, 2009 WL 1653823, ¶ 15. Valuing property involves factual inquiries and also requires an appellate court to apply a manifest weight of evidence

standard of review. *Wright v. Wright* (Nov. 10, 1994), Hocking App. No. 94CA02, 1994 WL 649271. An appellate court will not reverse a trial court's valuation if it is supported by some competent, credible evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273.

**{¶42}** In its April 11, 2013 Judgment Entry, the trial court found the parties' prenuptial agreement was not enforceable as Appellee had not knowingly entered into it. The trial court noted Appellee had no knowledge Appellant had any significant property at that time, and specifically found Appellee "did not know that [Appellant] had $47,000 in cash on deposit." In the same judgment entry, the trial court found Appellant "has not met his burden of proving that $50,000 of equity in the parties' real estate is his separate property. He has not proven that he had premarital property in the amount of $47,000. He has also not traced the same."

**{¶43}** We find the aforementioned findings by the trial court to be facially inconsistent. On one hand, the trial court refuses to enforce the prenuptial agreement because Appellee was unaware Appellant had $47,000 in cash on deposit at the time of their marriage, yet, on the other, the trial court finds Appellant did not prove he had $47,000 of premarital property. Nevertheless, the trial court also concluded Appellant failed to trace the claimed $47,000 premarital separate property. Appellant testified as to same, but did not produce documentation in support. We find the trial court's decision in this regard is not against the manifest weight of the evidence.

**{¶44}** Subsection D is overruled.

E

**{¶45}** In Subsection E, Appellant asserts the trial court erred in its determination and allocation of the parties' marital debts.

**{¶46}** The standard for appellate review of a domestic relations court's division of assets and debts is the abuse of discretion standard, which is set forth supra. In allocating debts between the parties "the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 97, 518 N.E.2d 1197.

**{¶47}** Upon review of the record, we find no abuse of discretion in the trial court's allocation of debts.

**{¶48}** Subsection E is overruled.

F

**{¶49}** In Subsection F, Appellant challenges the $74,290 value the trial court placed on Parcel #13. Appellant submits the Auditor appraised the parcel at $24,500.

**{¶50}** Although the trial court's division of property is reviewed under an abuse of discretion standard, factual determinations such the value of the property subject to division are reviewed under a manifest weight of the evidence standard. *Brown v. Brown,* Pike County App. No. 02CA689, 2003–Ohio–304.

**{¶51}** In support of his position the trial court incorrectly valued Parcel #13, Appellant presented a copy of the Richland County Auditor's appraised revision placing a value on the parcel of $24,500. This evidence was provided to the trial court by Appellant through a supplemental memorandum filed April 3, 3013, following the final

hearing, and after the parties had filed their respective written closing arguments. The trial court struck the memorandum via Judgment Entry filed April 11, 2013.

{¶52} At the final hearing, Appellee presented evidence of the market value of the parties' four parcels. We find there was some competent, credible evidence to support the value the trial court placed on Parcel #13.

{¶53} Subsection F is overruled.

G

{¶54} In Subsection G, Appellant maintains the trial court's use of the final hearing date rather than the separation date in determining the duration of the marriage was inequitable as it resulted in a $15,459 error against him.

{¶55} The trial court must determine the beginning and ending date that defines the duration of the marriage. "[T]he date of the final hearing is presumed to be the appropriate termination date of the marriage unless the court, in its discretion, uses a de facto termination." *O'Brien v. O'Brien,* 8th Dist. Cuyahoga No. 89615, 2008–Ohio–1098, ¶ 40, citing R.C. 3105.171(A)(2). We will not reverse the trial court's decision absent an abuse of discretion. *Id.* at ¶ 41.

{¶56} In the instant action, the trial court found the duration of the marriage to be from December 28, 1987, through the final hearing date of February 13, 2013. In its April 11, 2013 Judgment Entry, the trial court conducted an extensive analysis comparing the resulting property division if it used the values of the parties' assets and debts using the date of separation as the end date of the marriage versus the values of the parties' assets and debts using the date of the final hearing as the end date. The trial court concluded Appellant would actually receive $2,296 less in total marital and

separate property if the separation date was used as the end date of the marriage. We find no abuse of discretion.

**{¶57}** Subsection G is overruled.

H

**{¶58}** In Subsection H, Appellant takes issue with the values the trial court assigned to the parties' automobiles. Appellant claims the trial court used the highest Blue Book value for each of the vehicles, which resulted in a total overvalue of $29,700.00.

**{¶59}** Appellee presented the trial court with the NADA Blue Book values of the parties' vehicles. Appellant presented his own self-serving testimony regarding the values of the vehicles.

**{¶60}** We cannot find, based upon the evidence presented, the trial court's decision to accept the Blue Book value was against the manifest weight of the evidence.

**{¶61}** Subsection H is overruled.

I

**{¶62}** In Subsection I, Appellant asserts the cumulative effect of the trial court's numerous errors resulted in a final judgment entry/decree of divorce which was neither fair nor equitable towards him.

**{¶63}** Pursuant to the cumulative error doctrine, which is usually presented in criminal cases, a conviction will be reversed where the cumulative effect of errors in a trial deprives the defendant of the constitutional right to a fair trial even though each individual error by itself does not constitute cause for reversal. *State v. Garner,* 74 Ohio St.3d 49, 656 N.E.2d 623 (1995).

**{¶64}** Ohio Courts have found "the extension of the cumulative error doctrine to civil cases is warranted where the court is confronted with several errors, which either are harmless individually or have marginally prejudicial effects, but combine to require a new trial." *Edge v. Fairview Hosp.,* 8th Dist. Cuyahoga No. 95215, 2011–Ohio–2148, ¶ 46. However, we do not find the doctrine applicable here where there have not been multiple errors.

**{¶65}** Subsection I is overruled.

J

**{¶66}** In Subsection J, Appellant submits he was denied a fair and unbiased hearing because the trial court failed to permit Appellant to obtain counsel.

**{¶67}** We find a review of the record belies this assertion. The trial court provided Appellant with ample opportunity to find counsel. The fact Appellant chose not to procure representation does not equate to the trial court's refusal to allow him to do so.

**{¶68}** Subsection J is overruled.

{¶69} The judgment of the Richland County Court of Common Pleas, Domestic Relations Division, is affirmed in part, and reversed in part, and the matter remanded for further proceedings consistent with this Opinion and the law.

By: Hoffman, P.J.

Farmer, J.  and

Baldwin, J. concur