[Cite as *Marrs v. Mickel*, 2023-Ohio-4528.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STEVEN D. MARRS, | : | |
| Plaintiff-Appellee, | : | No. 112221 |
| v. | : | |
| SABRINA E. MICKEL, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 14, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-378637

*Appearances:*

Stafford Law Firm Co., L.P.A. and Joseph G. Stafford, Nicole A. Cruz, and Kelley R. Tauring, *for appellee.*

McDonald Humphrey, LLP and Eric L. Foster and Jonathan M. McDonald, *for appellant.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Sabrina Mickel appeals from the trial court's judgment of divorce. She contends that the trial court abused its discretion by admitting "irrelevant evidence" regarding her "licensure issues" as a dentist, her

"prior issues with drug addiction," her "criminal conduct" and "commission of insurance fraud," dental treatment she administered to the son of appellee Steven Marrs and a lawsuit she had filed against the Ohio State Dental Board (the "Dental Board"). She further contends that the cumulative effect of these alleged errors deprived her of a fair trial. For the reasons that follow, we affirm the trial court.

**Procedural and Factual Background**

{¶ 2} Mickel and Marrs were married on July 21, 2012. The couple had no children together. On September 30, 2019, Marrs filed a complaint for divorce, alleging that Mickel had "been guilty of gross neglect, adultery and extreme cruelty towards [Marrs]." He requested an absolute divorce from Mickel, an award of temporary and permanent spousal support, equitable division of all property and recovery of his attorney fees and expenses. On October 23, 2019, Mickel filed an answer and counterclaim for divorce in which she denied Marrs' allegations of neglect, adultery and cruelty against her and alleged that Marrs had "acted or, * * * failed to act, in a manner which entitles [Mickel] to a divorce" pursuant to R.C. 3105.01 and that the parties were "otherwise incompatible." Mickel requested an absolute divorce from Marrs, equitable division of marital property and debts, that she be awarded her separate property and a distributive award of Marrs' separate property and that she recover her costs, attorney fees, expert fees and litigation expenses. Marrs filed a response to the counterclaim, denying the allegations against him.

{¶ 3} A trial was conducted on May 25 and August 30, 2021 before a magistrate.[1]

{¶ 4} On March 2, 2022, the magistrate issued his decision, ruling that Marrs was entitled to a divorce from Mickel on grounds of "[i]ncompatibility (gross neglect and extreme cruelty)" pursuant to R.C. 3105.01(C), (D) and (F). The magistrate also divided the parties' property, ordered Mickel to pay Marrs spousal support for 36 months and ordered Mickel to pay a portion of Marrs' attorney fees.

{¶ 5} On March 15, 2022, Mickel filed her preliminary objections to the magistrate's decision objecting to the magistrate's finding that the trial court had jurisdiction over Marrs' complaint. Mickel argued that Marrs had not been a resident of Ohio for six months immediately prior to the filing of his complaint and that the trial court, therefore, lacked subject-matter jurisdiction over the proceeding.

{¶ 6} On June 3, 2022, Mickel filed supplemental objections in which she raised four objections to the magistrate's decision: (1) the trial court lacked subject matter jurisdiction over the proceeding because Marrs "never established the residence requirement as required under the law," (2) "[t]he [m]agistrate's financial misconduct determination should not be adopted because [Marrs] did not meet his

---

[1] On July 26, 2021, before the second day of trial, Mickel filed a motion in limine, requesting that the trial court prohibit Marrs "from introducing any and all irrelevant testimony," including statements "accusing" Mickel of being a "drug addict," of "carrying cash home to cheat on her income taxes" and of causing the death of Marrs' son. Marrs opposed the motion. Based on the record citations listed in her assignment of error, the admission of the specific testimony of which Mickel complains on appeal occurred during the first day of trial, prior to the filing of the motion in limine.

burden of proof," (3) the magistrate's findings with respect to the division of the parties' retirement account were unexplained and contradictory and (4) the evidence did not support the magistrate's finding that the "Florida real property" was Marrs' separate property.

{¶ 7} In November 2022, the trial court ruled on Mickel's objections and issued a final judgment entry of divorce. The trial court sustained Mickel's objection regarding jurisdiction, in part, concluding that the magistrate had erred in finding that the court had jurisdiction over Marrs' complaint for divorce but determining that the court had jurisdiction to proceed based on Mickel's counterclaim for divorce. The trial court overruled Mickel's remaining objections.

{¶ 8} As a result of its rulings on Mickel's objections, the trial court modified the magistrate's decision. The trial court dismissed Marrs' complaint and found that (1) there was "sufficient evidence to go forward" on Mickel's counterclaim for divorce, (2) jurisdiction and venue were proper as to Mickel's counterclaim for divorce and (3) Mickel had "established the grounds of incompatibility, not denied," and was entitled to a divorce from Marrs on that basis pursuant to R.C. 3105.01(K). The trial court otherwise adopted the magistrate's decision.

{¶ 9} Mickel appealed, raising the following two assignments of error for review:

Assignment of Error I: The trial court abused its discretion by admitting irrelevant evidence in violation of Evid.R. 402 (Tr. 16-17, 19-23, 60-68, 77-82, 109-114, 149-152.)

Assignment of Error II: The trial court deprived appellant of a fair trial by erroneously admitting irrelevant evidence on numerous occasions such that the cumulative error doctrine justifies reversal of the trial court's judgment.

## Law and Analysis

### Admission of Irrelevant Evidence

{¶ 10} In her first assignment of error, Mickel contends that the trial court abused its discretion by allowing Marrs to question her regarding her "licensure issues" as a dentist, her "prior issues with drug addiction," her "criminal conduct" and "commission of insurance fraud," dental treatment she administered to Marrs' son and a lawsuit she had filed against members of the Dental Board. She contends that such evidence was irrelevant and improperly admitted under Evid.R. 402 because such topics bore "no relationship" to Marrs' claims of adultery, gross neglect and extreme cruelty — the grounds upon which Marrs sought a divorce — and, therefore, had no tendency to make the existence of any fact of consequence to the determination of the action more or less probable than it would be without the evidence. She argues that, based on these evidentiary errors, the trial court's judgment should be reversed. We disagree.

{¶ 11} Before considering the merits of Mickel's assignment of error, we must first determine whether she properly preserved the issues she now raises for appellate review.

{¶ 12} Civ.R. 53 applies to divorce cases heard by a magistrate. Civ.R. 75(C); *see also* Loc.R. 27 of the Cuyahoga County Common Pleas Court, Domestic

Relations Division. In matters referred to a magistrate, Civ.R. 53(D)(3)(b) imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *See, e.g., Wells Fargo Bank, N.A. v. Lundeen*, 8th Dist. Cuyahoga No. 107184, 2020-Ohio-28, ¶ 11. Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Thus, when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3)(b), it generally forfeits the right to assign those issues as errors on appeal. *U.S. Bank, N.A. v. Matthews*, 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, ¶ 14; *see also Lundeen* at ¶ 11 ("Simply put, 'one cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision.'"), quoting *Naple v. Bednarik*, 7th Dist. Mahoning No. 11 MA 121, 2012-Ohio-5881, ¶ 34. This rule is "'based on the principle that a trial court should have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.'" *Barnett v. Barnett*, 4th Dist. Highland No. 04CA13, 2008-Ohio-3415, ¶ 16, quoting *Cunningham v. Cunningham*, 4th Dist. Scioto No. 01CA2810, 2002-Ohio-4094, ¶ 8. A notice to this effect, as required by Civ.R. 53(D)(3)(a)(iii), was included in uppercase, boldface type on the magistrate's decision sent to Mickel.

{¶ 13} While Mickel timely filed objections to the magistrate's decision, she did not raise the specific issues she now seeks to raise on appeal in her objections to

the magistrate's decision. Mickel did not claim that any evidence was improperly admitted by the magistrate and did not raise any objection to any factual finding or legal conclusion in the magistrate's decision based on the admission of any such evidence. Accordingly, she has forfeited appellate review of all but plain error as to the evidentiary challenges she raises in her appeal. Civ.R. 53(D)(3)(b)(iv).

{¶ 14} "'Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant.'" *Lundeen* at ¶ 12, quoting *Macintosh Farms Community Assn., Inc. v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263, ¶ 8. When applying the plain-error doctrine in the civil context, reviewing courts "must proceed with the utmost caution." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997). The doctrine is limited to those "extremely rare cases" in which "exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Id*. Plain error exists only where the error "seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Id*. at 122-123.

{¶ 15} Mickel has not argued, much less demonstrated, plain error in this case. This court need not analyze plain error when the appellant has failed to make a plain-error argument. *See, e.g., Alcorso v. Correll*, 8th Dist. Cuyahoga No. 110218, 2021-Ohio-3351, ¶ 34 ("As a general matter, this court will not sua sponte craft a

plain error argument for an appellant who fails to do so."); *O'Donnell v. N.E. Ohio Neighborhood Health Servs.*, 8th Dist. Cuyahoga No. 108541, 2020-Ohio-1609, ¶ 87 ("We need not, sua sponte, consider a claim of plain error that the appellant has not argued on appeal."); *Coleman v. Coleman*, 9th Dist. Summit No. 27592, 2015-Ohio-2500, ¶ 9 (declining to sua sponte "fashion" a plain error argument "and then address it").

{¶ 16} Even if we were to consider the issue, we would find no plain error here. Based on a review of the record, this is not the "extremely rare case" where this court is required to apply the plain-error doctrine to avoid a "manifest miscarriage of justice." This is not a case where the error complained of would have "a materially adverse effect on the character of, and public confidence in, judicial proceedings" and "challeng[es] the legitimacy of the underlying judicial process." *Goldfuss* at 121-123.

{¶ 17} First, the record reflects that Mickel herself raised the issues of her criminal conduct, licensure issues as a dentist and dealings with the Dental Board in her opening statement, indicating that she would be presenting evidence showing that "those were all due to [Marrs'] conduct"[2] and, in fact, testified in her case

---

[2] In her opening statement, Mickel stated:

> You will hear testimony about, yes, there are some matters that Defendant went through regarding criminally; however, those were all due to the Plaintiff's actions: He is the one that wrote to the dental board. He is the one that wrote all of these fraudulent statements that are just put forward for the dental board, and it caused her damages in the amount of attorney fees, getting her license suspended, reinstated, everything.

regarding her licensure and substance abuse issues. The record further reflects that she answered many questions by Marrs' counsel on cross-examination regarding each of the areas of inquiry that she now complains were irrelevant without objection.[3] Further, Mickel stipulated to the admissibility of her consent agreement with the Dental Board, that contained information regarding her licensure issues, her substance abuse issues and her lawsuit against the Dental Board, acknowledging that it was "true and accurate." Mickel cannot properly claim that the trial court erred in admitting such evidence when she introduced it or stipulated to its admissibility. *See, e.g., Bradley v. Bradley*, 8th Dist. Cuyahoga No. 109792, 2021-Ohio-2514, ¶ 139 ("'Under the invited error doctrine, a party may not take advantage of an alleged error that the party induced or invited the trial court to make.'"), quoting *Yuse v. Yuse*, 8th Dist. Cuyahoga No. 89213, 2007-Ohio-6198, ¶ 14; *State v.*

---

So at the end of the day, he is the one that caused this. She didn't cause any of this stuff. It was his actions and his own doing to her. * * * At the end of the day, what we are going to show is it is because of his actions and consequently is what caused Sabrina Mickel to be damaged.

[3] Further, it is not clear from the record that the objections Mickel did raise below with respect to questions regarding these topics were on relevancy grounds, as opposed to objections to the form of the question or objections on the ground that a question had been asked and answered. For example, although Mickel objected to a handful of questions purporting to describe her as a "drug addict," she answered many questions regarding her issues with substance abuse without objection. Likewise, although Mickel objected to questions purporting to describe her as "a liar, a thief, and a person that steals" — of which several objections were sustained by the trial court — she answered many questions related to her commission of insurance fraud without objection. She answered virtually all questions of which she now complains related to her lawsuit against the Dental Board without objection. She also answered many questions regarding the narcotic drugs she prescribed for Marrs' son following a root canal, and his later death by overdose, without objection. Although Mickel states that "counsel went so far as to accuse Appellant of contributing to the death of Appellee's son," the magistrate sustained her objection to that statement by Marrs' counsel.

*Luton*, 8th Dist. Cuyahoga No. 106754, 2018-Ohio-4708, ¶ 34 ("'Invited error extends to stipulations.'"), quoting *State v. Franks*, 8th Dist. Cuyahoga No. 103682, 2016-Ohio-5241, ¶ 8; *cf. Savage v. Savage*, 4th Dist. Pike No. 15CA856, 2015-Ohio-5290, ¶ 15-17 (party's stipulation to the admission of exhibit invited and waived any error arising out of trial court's consideration of it).

{¶ 18} Second, even assuming the admitted evidence regarding which Mickel now complains was not relevant to a determination of gross neglect, adultery, extreme cruelty or incompatibility — the grounds Marrs and Mickel had raised for divorce — whether the parties had grounds for divorce was not the only issue to be decided in the divorce proceeding. The trial court was also required to identify and divide marital property, determine whether financial misconduct had occurred, determine whether spousal support should be awarded (and, if so, in what amount) and determine whether either of the parties was entitled to an award of attorney fees. Mickel has not claimed that such evidence was not relevant to a determination of any of these other issues.

{¶ 19} Finally, Mickel has not demonstrated that she was in any way harmed by the admission of any of the allegedly irrelevant evidence. Civ.R. 61 provides, in relevant part:

> No error in either the admission or the exclusion of evidence * * * is ground for * * * vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

{¶ 20} Mickel has not challenged any of the trial court's findings on appeal. She does not contend that the trial court erred or abused its discretion in (1) granting the divorce, (2) characterizing the parties' property as marital or separate property, (3) distributing the parties' property, (4) awarding spousal support to Marrs, (5) ordering Mickel to pay a portion of Marrs' attorney fees or (6) denying Mickel any other relief she sought in her counterclaim.

{¶ 21} Because Mickel has not shown that any of the trial court's alleged evidentiary errors affected any substantial right, we must disregard them. Mickel's first assignment of error is overruled.

**Cumulative Error**

{¶ 22} In her second assignment of error, Mickel argues that even if none of the trial court's evidentiary errors alone warranted reversal, the cumulative effect of these alleged errors deprived her of a fair trial, warranting reversal under the cumulative-error doctrine.

{¶ 23} Under the cumulative-error doctrine, a trial court's judgment may be reversed if the cumulative effect of multiple errors prevents a fair trial even though each of the individual errors, standing alone, would not constitute grounds for reversal. *State v. Garner*, 74 Ohio St.3d 49, 64, 656 N.E.2d 623 (1995); *Johnson v. U.S. Title Agency, Inc.*, 8th Dist. Cuyahoga No. 108547, 2020-Ohio-4056, ¶ 73; *see also Snell v. Snell*, 5th Dist. Richland No. 13CA80, 2014-Ohio-3285, ¶ 64 ("Ohio courts have found 'the extension of the cumulative error doctrine to civil cases is warranted where the court is confronted with several errors, which either are

harmless individually or have marginally prejudicial effects, but combine to require a new trial.'"), quoting *Edge v. Fairview Hosp.*, 8th Dist. Cuyahoga No. 95215, 2011-Ohio-2148, ¶ 46.

{¶ 24} The cumulative-error doctrine does not apply in cases where there are not multiple errors. *See, e.g., State v. Williams*, 8th Dist. Cuyahoga No. 111922, 2023-Ohio-2296, ¶ 103; *180 Degree Solutions L.L.C. v. Metron Nutraceuticals, L.L.C.*, 8th Dist. Cuyahoga No. 109986, 2021-Ohio-2769, ¶ 92, citing *O'Malley v. O'Malley*, 8th Dist. Cuyahoga No. 98708, 2013-Ohio-5238, ¶ 95; *see also Austin v. Mid-Ohio Pipeline Servs., L.L.C.*, 5th Dist. Richland Nos. 2022 CA 0021, 2022 CA 0041 and 2022 CA 0060, 2023-Ohio-1958, ¶ 52-53 (where appellate court found no error in the evidentiary determinations made by the trial court, the cumulative error doctrine was inapplicable "as there have not been multiple errors"). A party cannot establish a right to relief under the cumulative error doctrine simply by joining multiple meritless claims together. *State v. Wagner*, 8th Dist. Cuyahoga No. 109678, 2023-Ohio-1215, ¶ 73 (Cumulative error cannot be established by "merely 'combining * * * unsuccessful claims together.'"), quoting *State v. Brown*, 10th Dist. Franklin Nos. 22AP-38, 22AP-39, 22AP-40, 22AP-41 and 22AP-42, 2022-Ohio-4073, ¶ 39. "'[T]he doctrine of cumulative error is inapplicable when the alleged errors are found to be harmless or nonexistent.'" *State v. Jackson*, 8th Dist. Cuyahoga No. 111947, 2023-Ohio-2381, ¶ 84, quoting *State v. Allen*, 8th Dist. Cuyahoga No. 102385, 2016-Ohio-102, ¶ 53.

{¶ 25} Even if she had not forfeited or waived the issue, because Mickel has not challenged any of the trial court's determinations in the divorce proceedings on appeal, including the trial court's finding of a ground for divorce, the trial court's characterization and distribution of the parties' property or the trial court's award of spousal support or attorney fees, she has not shown that she was in any way harmed or prejudiced by any of the alleged evidentiary errors raised in this appeal — regardless of whether those alleged errors are considered individually or together. Accordingly, the cumulative-error doctrine does not apply.

{¶ 26} Mickel's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
MICHAEL JOHN RYAN, J., CONCUR