[Cite as *Burd v. Artis*, 2025-Ohio-625.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| ELIZABETH RAEANN BURD, | : | APPEAL NO. | C-240216 |
| | | TRIAL NO. | DR-2301762 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| LARON ARTIS, | : | | |
| Defendant-Appellant. | : | | |

Appeal From: Hamilton County Court of Common Pleas, Domestic Relations
Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 26, 2025

*Elizabeth Burd*, pro se,

*Laron Artis*, pro se.

**ZAYAS, Judge.**

**{¶1}** Defendant-appellant Laron Artis ("husband") appeals from the decision of the Hamilton County Court of Common Pleas, Domestic Relations Division, that awarded plaintiff-appellee Elizabeth RaeAnne Burd ("wife") the 2014 Dodge vehicle free and clear of any interest of husband when dividing the parties' property during the divorce proceedings. For the reasons that follow, we affirm the judgment of the trial court.

## I.    *Factual and Procedural History*

**{¶2}** Wife filed a complaint for divorce against husband. The matter proceeded to trial in front of the magistrate. No transcript of this proceeding was included on appeal. The entry of the magistrate indicates that both husband and wife testified, but no other witnesses were offered, and no exhibits were submitted into evidence.

**{¶3}** Regarding the 2014 Dodge vehicle, the magistrate found that wife offered inconsistent testimony as to when the vehicle was purchased, testifying both that the vehicle was purchased during the marriage and several years prior to the marriage. The magistrate also found that the parties offered conflicting testimony as to who paid the down payment on the vehicle, and who paid off the loan balance on the car. However, the magistrate ultimately awarded the vehicle to wife, despite her conflicting testimony as to when the vehicle was purchased, as husband "did not dispute that the vehicle was purchased during the parties' marriage." Further, the magistrate expressly found wife to be the credible party as to who paid the down payment on the car and made the payments on the car while husband was incarcerated.

**{¶4}** Importantly, husband did not file objections to the magistrate's

decision.  Accordingly, the trial court adopted the magistrate's decision in accordance with Civ.R. 53.  Notably, the entry conspicuously put the parties on notice that they must object to the magistrate's decision in order to raise issues on appeal.  Yet, no objection was filed.

**{¶5}**  A final decree of divorce was entered based on the magistrate's decision once the period for objections expired.  The decree expressly awarded the 2014 Dodge vehicle to wife in accordance with the magistrate's decision.

**{¶6}**  Husband now appeals, raising a single assignment of error for this court's review.

## II.    Analysis

**{¶7}**  In his sole assignment of error, husband challenges whether the trial court erred in failing to take judicial notice of public records from the Ohio Bureau of Motor Vehicles ("OBMV").

**{¶8}**  "Civ.R. 53 applies to divorce cases heard by a magistrate."  *Marrs v. Mickel*, 2023-Ohio-4528, ¶ 12 (8th Dist.), citing Civ.R. 75(C).  Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶9}**  "Thus, when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3)(b), it generally forfeits the right to assign those issues as error on appeal."  *Marrs* at ¶ 12, citing *U.S. Bank, N.A. v. Matthews*, 2017-Ohio-4075, ¶ 14 (8th Dist.).  "This rule is '"based on the principle that a trial court should

have a chance to correct or avoid a mistake before its decision is subject to scrutiny by a reviewing court.'"" *Id.*, quoting *Barnett v. Barnett*, 2008-Ohio-3415, ¶ 16 (4th Dist.).

**{¶10}** "Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant." *Id.* at ¶ 14, citing *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 11 (8th Dist.). "When applying the plain-error doctrine in the civil context, reviewing courts 'must proceed with the utmost caution.'" *Id.*, quoting *Goldfuss v. Davison*, 79 Ohio St.3d 116, 121 (1997). "The doctrine is limited to those 'extremely rare cases' in which 'exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings.'" *Id.*, quoting *Goldfuss* at 121. "Plain error exists only where the error 'seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying process itself.'" *Id.*, quoting *Goldfuss* at 122-123.

**{¶11}** Here, husband seems to challenge the determination that the vehicle in question was purchased during the marriage. However, husband never filed any objections to the magistrate's decision. Thus, he has forfeited all but plain error on appeal. Yet, he failed to raise a plain-error argument. "This court need not analyze plain error when the appellant has failed to make a plain-error argument." *Marrs*, 2023-Ohio-4528, at ¶ 15 (8th Dist.), citing *Alcorso v. Correll*, 2021-Ohio-3351, ¶ 34 (8th Dist.), *O'Donnell v. N.E. Ohio Neighborhood Health Servs.*, 2020-Ohio-1609, ¶ 87 (8th Dist.), and *Coleman v. Coleman*, 2015-Ohio-2500, ¶ 9 (9th Dist.).

**{¶12}** Further, even considering the argument presented by husband, he has failed to cite to the record or any legal authority in support of the argument he does raise. "Pro se appellants are required to comply with the rules of practice and

procedure just like members of the bar." *Fontain v. Sandhu*, 2021-Ohio-2750, ¶ 13 (1st Dist.), citing *Curry v. Mansfield*, 2020-Ohio-4125, ¶ 6 (5th Dist.). "An appellate court may disregard an assignment of error presented for review 'if the party raising it fails to identify in the record the error on which the assignment of error is based.'" *Id.* at ¶ 14, citing App.R. 12(A)(2) and 16(A), and *Smith v. Wayne Cty. Dept. of Human Servs.*, 2003-Ohio-364, ¶ 40 (9th Dist.).

**{¶13}** Nevertheless, even if this court considers the assignment of error, husband raises an issue that this court is unable to review as husband failed to file a transcript either in the trial court or in this court.

**{¶14}** Husband's argument relies on public records from OBMV that he asserts the trial court should have taken judicial notice of as they undermine wife's testimony as to the ownership of the vehicle prior to the marriage.

**{¶15}** A court is only required to take judicial notice of an adjudicative fact "if requested by a party and supplied with the necessary information." Evid.R. 201(D). Otherwise, judicial notice is discretionary. Evid.R. 201(C); *see generally State ex rel. Harris v. Bruns*, 2023-Ohio-2344, ¶ 21 (stating that a court of appeals had discretion whether to take judicial notice of certain documents where no party asked the court to take judicial notice of those documents).

**{¶16}** Without a transcript of the proceedings, this court cannot determine the context in which husband requested that the trial court take judicial notice of these records, or even if husband made the request to the trial court at all.

**{¶17}** In the absence of a transcript, this court must presume the regularity of the proceedings. *See, e.g., Crane v. Perry Cty. Bd. of Elections*, 2005-Ohio-6509, ¶ 37, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("'When portions of the transcripts necessary for resolution of assigned errors are omitted from

the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'").

**{¶18}** Further, the record before this court undermines husband's argument as the magistrate's entry indicates that husband did not dispute at trial that the vehicle was purchased during the marriage or offer any evidence at the hearing beyond his own testimony.

**{¶19}** Consequently, the record before this court does not demonstrate any error at all, let alone plain error, in the trial court's failure to take judicial notice of the OBMV records.

**{¶20}** Beyond that, husband has not pointed to or argued any error or defect evident on the face of the magistrate's decision. *See* Civ.R. 53(D)(4)(c) ("If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision.").

### *III.   Conclusion*

**{¶21}** Based on the foregoing, we overrule the sole assignment of error and affirm the judgment of the trial court.

Judgment accordingly.

**KINSLEY, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.