[Cite as *Am. Savs. Bank v. Wrage*, 2014-Ohio-2168.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| American Savings Bank, | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3566 |
| v. | : | |
| Eric A. Wrage, et al., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellants. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:      Bruce M. Broyles, Law Office of Bruce M. Broyles,
                            Boardman, Ohio 44512

COUNSEL FOR APPELLEE:       Jeffrey B. Sams, Law Office of Jeffrey B. Sams, LLC,
                            Pickerington, Ohio and Joshua D. Howard, Johnson, Oliver
                            & Howard, Portsmouth, Ohio 45662

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-5-14
ABELE, P.J.

{¶ 1}   Eric A. Wrage, defendant below and appellant herein, appeals the Scioto County
Common Pleas Court summary judgment in foreclosure in favor of American Savings Bank,
plaintiff below and appellee herein.   After our de novo review of the trial court's summary
judgment decision, we conclude that the trial court properly awarded summary judgment in the
appellee's favor.

{¶ 2}   Appellant raises the following assignments of error for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN GRANTING SUMMARY
JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF
MATERIAL FACTS [SIC] REMAINING IN DISPUTE AS TO
PLAINTIFF'S POSSESSION OF THE PROMISSORY NOTE."

SECOND ASSIGNMENT OF ERROR:

"THE MORTGAGE DOES NOT PROVIDE FOR THE RELIEF
OF FORECLOSURE."

**{¶ 3}** American Savings Bank (Bank) filed a complaint in foreclosure against Eric Wrage and others who might have had an interest in real estate in Minford, Ohio.   In count one, the Bank alleged that Eric Wrage and Rebecca Wrage executed a $180,000.00 promissory note and were obligated to make $1,238.20 monthly payments.   The Bank alleged that, due to a default on the promissory note, it had accelerated the entire unpaid balance and interest due and the Wrages owed $151,943.09.   The Bank attached a copy of the purported promissory note to the complaint as Exhibit A.

**{¶ 4}** In count two, the Bank alleged that Eric and Rebecca Wrage executed a mortgage to secure payment of the promissory note. A copy of the mortgage deed was attached to the complaint as Exhibit B.   The mortgage conveyed to the Bank the premises known as 564 Bull Run Road, and was filed in the Scioto County Recorder's Office.   The Bank again alleged that the conditions of the promissory note and mortgage had not been complied with and the promissory note had not been paid in accordance with its terms.

**{¶ 5}** In its prayer for relief, the Bank (1) sought a judgment against Eric Wrage for the accelerated amount due under the promissory note, plus costs; and (2) requested that the mortgage be foreclosed, the premises sold, and the sale proceeds applied toward the payment of the liens in order of their priorities.

**{¶ 6}**   Wrage answered, but did not deny the allegations concerning the form, authenticity, or the terms of the promissory note or mortgage as set forth in paragraphs 2, 3 and 7 of the complaint, nor did he deny that he had executed and delivered the promissory note and mortgage that were attached to the complaint as Exhibit A and B.   Rather, Wrage's denials were limited to the allegations concerning the defaults in the terms of the promissory note and mortgage as follows:

> Eric Wrage answers Plaintiff's Complaint as follows:
> 1. Subject note and mortgage are not in arrears nor have any terms of said instruments been broken.
> 2. Plaintiff is not entitled to have said mortgage foreclosed.
> 3. Eric A. Wrage knows nothing about anyone else who may claim an interest in subject property.
> 4. Plaintiff fails to state a claim for which relief can be granted.
> 5. All affirmative defenses as provided by Civil Rule 8(C) are hereby asserted.
> Wherefore, Eric A. Wrage through counsel moves the Court to dismiss this action with prejudice and at Plaintiff's expense.

See Eric A Wrage's Answer to Plaintiff's Complaint, Case No. 11CIE00136, August 4, 2011.

**{¶ 7}**   After Wrage answered, the Bank requested summary judgment.   In support of its motion, the Bank submitted the affidavit of Thomas Wamsley, the Bank collection officer. Wamsley stated that the matters set forth in his affidavit are within his scope of duties as the collection officer, that he had access to the Bank's business records, and that he testified upon his personal knowledge and review of the mortgage loan account that is the subject of the foreclosure action.   Wamsley also testified that the Bank is the holder of the promissory note executed and delivered by Eric and Rebecca Wrage, and that a copy of the promissory note was attached to the complaint as Exhibit A. Wamsley further stated that the Wrages were in default and that $153,518.08 was due and owing as of August 26, 2011.   Wrage did not respond to the Bank's motion, nor did he submit an opposing affidavit.

{¶ 8}   After a review of the responsive pleadings and affidavits, the trial court granted summary judgment to the Bank.   See Judgment Entry, Scioto Case No. 11CIE00136, October 20, 2011.   The court also issued to the sheriff an order of sale of the property.   Wrage, however, filed a bankruptcy case under Chapter 7 of the United States Bankruptcy Code.   After the Bank received notice of the bankruptcy filing, it filed a motion to vacate the order of sale and to withdraw the property from the sheriff's sale.

{¶ 9}   After the bankruptcy case terminated, the Bank moved to have the case placed on the active docket.   The trial court granted the motion.   At that point, both parties claimed that a procedural defect existed in the original judgment entry that granted summary judgment.   By agreed order, the trial court vacated its original October 20, 2011 judgment that granted summary judgment to the Bank.   Subsequently, the Bank again filed a motion for summary judgment.

{¶ 10}  In support of its renewed motion, the Bank submitted a second affidavit of Thomas Wamsley.   Once again, Wamsley stated that he is the Bank's collection officer and that he was authorized and competent to testify concerning the Bank's loan account with Wrage. Wamsley testified that he personally reviewed the business records and that the copy of the promissory note and mortgage attached to, and served with, the complaint were executed and delivered by Eric and Rebecca Wrage.   Wamsley further testified that the Bank is the holder of the promissory note and that the note and mortgage were in default.   He testified as to the outstanding sum owed by Wrage as of March 13, 2013.

{¶ 11}  Wrage responded to the renewed motion for summary judgment with a request for additional time to conduct discovery under Civ.R. 56(F). The trial court allowed Wrage additional time to file a response to the summary judgment motion.   Wrage served

interrogatories, requests for the production of documents, and request for admissions.   The Bank responded and provided documents via an electronic disk.   Don Moritz, assistant vice president and compliance officer with the Bank, swore that the Bank's discovery responses were true and correct.

{¶ 12}  Wrage opposed the Bank's renewed motion for summary judgment, but did not present any affidavit testimony, documents, or other evidence to support his opposition brief. Wrage opposed the motion on two grounds: (1) because the Bank attached a photocopy of the promissory note to the complaint, not the original "wet ink" promissory note, the Bank did not establish that it is the holder of the "wet ink" promissory note; and (2) the Bank was not entitled to sell the property and apply the proceeds to the indebtedness, but was only allowed to take possession of the property, rent it, and apply rental proceeds to the indebtedness.

{¶ 13}  The Bank responded that it advised Wrage that the original "wet ink" promissory note had always been available for inspection at the Bank, should Wrage be interested in examining it. Further, the Bank argued that the mortgage grants an absolute conveyance of the property to the Bank upon default.   Because Wrage defaulted and the conveyance is now absolute, as holder of the mortgage the Bank is authorized to foreclose the mortgage by judicial proceedings.

{¶ 14}  After reviewing all of the submitted materials, the trial court determined that no genuine issue of material fact existed and that the Bank is entitled to judgment as a matter of law and once again, granted the Bank's motion for summary judgment.   See Judgment Entry, Scioto Case No. 11CIE00136, June 19, 2013.   This appeal followed.

Standard of Review

{¶ 15} When reviewing a trial court's summary judgment decision, appellate courts conduct a de novo review under the standard set forth in Civ.R. 56. *Comer v. Risko,* 106 Ohio St.3d 185, 2005–Ohio–4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate when the movant has established (1) that there is no genuine issue of material fact, (2) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party, with the evidence against that party being construed most strongly in its favor, and (3) that the moving party is entitled to judgment as a matter of law. *Bostic v. Connor*, 37 Ohio St.3d 144, 146, 524 N.E.2d 881(1988); citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); see also, Civ.R. 56(C).

{¶ 16} The burden to show that no genuine issue of material fact exists falls upon the party who requests summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 294, 1996–Ohio–107,662 N.E.2d 264 (1996). To satisfy its burden, the moving party must refer to "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56(C); see also *Hansen v. Wal–Mart Stores, Inc.,* Ross App. No. 07CA2990, 2008–Ohio–2477, at ¶ 8. After the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id.*

{¶ 17} In the case sub judice, the materials the trial court considered consisted of the

pleadings and, pursuant to Civ.R. 10(C), copies of written instruments, the parties' stipulations, including the facts alleged in the complaint and admitted by Wrage by virtue of his failure to deny them, answers to interrogatories, written admissions and the affidavits.

I.

{¶ 18} In his first assignment of error, Wrage asserts that the Bank made no attempt to authenticate the copy of the promissory note and that it did not state that it possessed the original "wet ink" promissory note. Consequently, Wrage asserts, a genuine issue exists as to whether the Bank possessed the promissory note.

{¶ 19} We conclude that no genuine issue of material fact exists concerning the promissory note's authenticity or the Bank's possession of the note. The Bank's complaint contained the averments that on June 18, 2004 Wrage executed and delivered a promissory note, and a copy of this promissory note was attached to the complaint. See Complaint, ¶2. In his answer, Wrage did not deny the averments of paragraph 2. Pursuant to Civ. R. 8(B) and (D), Wrage's failure to deny the averments that he executed and delivered the promissory note, and that a copy of that note was attached as Exhibit A, results in an admission of those averments. *Chabot v. Commercial Coal Co.,* 4th Dist. Scioto App. No. 1129, 1978 WL 214272 (Dec. 22, 1978). The effect of an admission of an averment is that a plaintiff does not then need to prove the allegation. "According to the law of pleading, an admission in a pleading dispenses with proof and is equivalent to proof of the fact." *Burdge v. On Guard Security Services, Inc.,* 1st Dist. Hamilton App. No. C-050522, 2006-Ohio-2092. Therefore, because Wrage did not deny the allegations that he executed the promissory note and that a copy of the note was attached to the complaint, those allegations are admitted as fact.

{¶ 20} In addition, Wamsley's affidavit testimony authenticated the promissory note attached to the complaint in accordance with Evid. R. 901(A) and (B)(1). Evid.R. 901(A) states that the requirement of authentication is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Evid. R. 901(B)(1) provides an example of authentication that conforms with the authentication requirement and provides: "(1) Testimony of witness with knowledge. Testimony that a matter is what it is claimed to be." Wamsley's affidavit satisfies this requirement. Wamsley stated that he is the Bank's collection officer and that it is within his scope of duties to have knowledge of and access to the business records, including the promissory note and mortgage that Wrage executed and delivered. Wamsley testified upon his personal knowledge, based on his personal review of the records, that the business records for the Wrage loan account are records of regularly conducted business activity. Thus, under Evid. R. 803(6), the promissory note fell within the exception to the hearsay rule. Wamsley further testified that the promissory note attached to the complaint is a copy of the June 18, 2004 promissory note that Wrage executed and delivered to the Bank. Thus, Wamsley's affidavit established that the promissory note is a "duplicate" as defined under Evid.R. 1001(4).

{¶ 21} Under Evid. R. 1003, a duplicate is admissible to the same extent as an original unless "(1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Here, Wrage has failed to raise any genuine issue as to the authenticity of the note, nor does he argue that some circumstance exists that makes it unfair to admit the duplicate. Wrage failed to deny that the promissory note attached to the complaint was a copy of the one he had executed and delivered to the Bank.

{¶ 22} Additionally, our review reveals that Wrage failed to provide any rebuttal evidence to the Bank's motion for summary judgment. Wrage did not (1) provide an affidavit or any other Civ.R. 56(C) rebuttal evidentiary materials, (2) make any claims that the promissory note was not the one he signed, (3) assert that the note contained different terms, (4) assert that his signature did not appear upon the note, or (5) in any other manner raise any issues concerning the copy of the promissory note that the Bank attached to its complaint and authenticated through Wamsley's affidavit.

{¶ 23} Finally, Wamsley's affidavit establishes that the Bank is the holder of the promissory note. Thus, the Bank held, or possessed, the original promissory note. The bank further established in its discovery responses that it did not transfer the promissory note and that it always maintained its possession. See Interrogatory Responses Nos. 5, 6, 8, & 11, which were sworn to as true and correct by Don Moritz, Bank assistant vice president and compliance officer, on May 23, 2013 ("The note has never been sold, transferred or assigned." Interrogatory No. 8; "The note is held by American Savings Bank in the ordinary course of business." Interrogatory No. 11).

{¶ 24} The initial burden on summary judgment lies with the movant to produce Civ. R. 56(C) evidentiary materials to show that it is entitled to summary judgment. Here, American Savings Bank satisfied that burden with the pleadings and attached documents, Wamsley's affidavit, and the interrogatory responses that Moritz answered under oath. These materials established that Wrage executed a promissory note, that the Bank is the holder of the promissory note, and that a copy of the promissory note attached to the complaint is an authentic, duplicate business record. Consequently, the burden shifted to Wrage to provide Civ.R. 56(C) rebuttal

evidentiary materials.   Wrage, however, provided no evidence in rebuttal.   Thus, the trial court correctly determined that no genuine issue of material fact exists concerning the note's authenticity or the Bank's status as holder of that note.

{¶ 25} Therefore, based upon the foregoing reasons, we hereby overrule appellant's first assignment of error.

II.

{¶ 26} In his second assignment of error, Wrage asserts that the mortgage does not provide for the relief of foreclosure.   Rather than foreclosure, he argues that because the terms of the mortgage expressly give the Bank the option to take possession of the premises, rent them, and to apply the rental proceeds against the outstanding indebtedness, the Bank is thus precluded from pursuing any other remedies.   Wrage, however, cites no authority to support this argument.

{¶ 27} In its simplest terms, the mortgage deed Wrage conveyed to the Bank expressly conveys the premises to the Bank.   The conveyance is conditioned upon Wrage making monthly payments on the promissory note.   If the promissory note is satisfied entirely, the conveyance is void.   However, if Wrage fails to make the monthly payments, the mortgage provides that "this conveyance becomes absolute."

{¶ 28} A mortgage deed is a transfer of the interest in real property.   R.C. 5301.02 Numerous provisions in Ohio Revised Code Chapter 2329 provide for procedures whereby a mortgage holder is entitled to enforce its rights with a foreclosure action.   The fact that the mortgage deed may also provide for additional remedies, such as the right to take possession and rent the premises rather than foreclose upon it, does not alter or preclude the basic foreclosure remedy.   We find nothing in the terms of the mortgage deed itself, the case authorities, or the

statutory provisions to support Wrage's interpretation.   Upon Wrage's default on the promissory note, the conveyance "becomes absolute" and the Bank is entitled to exercise all privileges and rights as the owner of the premises.

**{¶ 29}** Based upon the foregoing reasons, we hereby overrule appellant's second assignment of error.

**{¶ 30}** Accordingly, after our review of the assigned errors, we hereby affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

FOR THE COURT

_____
Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.