[Cite as *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WELLS FARGO BANK, N.A.,     :

    Plaintiff-Appellee,     :

              No. 107184

v.     :

CYNTHIA LUNDEEN, ET AL.,     :

    Defendants-Appellants.     :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 9, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-856890

---

### *Appearances:*

Thompson Hine, L.L.P., Scott A. King, Richard A. Freshwater, Terry W. Posey, Jr., Todd Seaman, and Caitlin R. Thomas, *for appellee.*

Cynthia Lundeen, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this foreclosure action, defendant-appellant, Cynthia Lundeen ("Lundeen"), appeals from the trial court's judgment that adopted a magistrate's decision and granted plaintiff-appellee, Wells Fargo Bank, N.A. ("Wells Fargo"), a

judgment on a note and a decree of foreclosure. Finding no merit to the appeal, we affirm.

## I. Procedural Background

{¶ 2} On January 8, 2016, Wells Fargo filed a foreclosure complaint against Lundeen, seeking the balance due on a promissory note and to foreclose on a mortgage. On August 12, 2016, Wells Fargo filed a third amended complaint. Count 1 of the third amended complaint alleged that Wells Fargo was due the principal amount of $364,579.25 under the note, plus interest, late charges, and other costs and expenses, and Count 2 asserted that Wells Fargo was entitled to foreclose on the mortgage in light of Lundeen's default on the note.

{¶ 3} Copies of the note and mortgage were attached as Exhibits A and B to the third amended complaint. The note, which was executed by Lundeen and payable to World Savings Bank, FSB, bore an endorsement stating that the note was payable to Wells Fargo as the successor by merger to Wachovia Mortgage FSB, which was formerly known as World Savings Bank. The mortgage was also executed by Lundeen in favor of World Savings Bank. Attached to the third amended complaint were copies of the merger documents between World Savings Bank, Wachovia, and Wells Fargo.

{¶ 4} On November 22, 2016, the clerk of courts sent a summons and the third amended complaint to Lundeen by certified mail. The summons and third amended complaint were returned to the court unclaimed. On January 18, 2017,

the clerk sent a summons and the third amended complaint to Lundeen by regular mail; the clerk endorsed the summons with an answer date of February 15, 2017.

{¶ 5} On February 14, 2017, Lundeen filed a motion for an extension of time to respond to the third amended complaint, and the trial court granted the motion. On March 10, 2017, Lundeen requested additional time to respond to the third amended complaint; the court granted Lundeen until May 1, 2017, to answer. On that day, however, the case was referred to the court's mediation program, and all motion practice was stayed pending the mediation. The case did not settle and was returned to the trial court for further proceedings on September 26, 2017.

{¶ 6} Lundeen never filed an answer to the third amended complaint. However, on November 27, 2017, she filed a Civ.R. 12(B)(6) motion to dismiss the case. In her motion, Lundeen argued that Wells Fargo did not have standing to bring the foreclosure action because she had signed the note and mortgage with World Savings Bank, and Wells Fargo had not alleged in the third amended complaint that it was a successor to the note and mortgage by merger or a name change. Lundeen made no argument regarding insufficiency of service. The trial court denied the motion on January 8, 2018.

{¶ 7} In the meantime, on December 27, 2017, Wells Fargo filed a motion for summary judgment. Lundeen filed a brief in opposition to the motion on January 26, 2018. Although Lundeen argued that Wells Fargo was not entitled to summary judgment for various reasons, she made no argument that she was never served with the third amended complaint.

{¶ 8} On February 14, 2018, the magistrate issued a decision granting summary judgment in favor of Wells Fargo. On February 22, 2018, Lundeen filed a motion for findings of fact and conclusions of law with respect to the magistrate's decision, but she never filed any objections to the decision. On April 8, 2018, the court denied Lundeen's request for findings of fact and conclusions of law, ruling that the magistrate's decision contained fully elaborated findings of fact and conclusions of law and therefore, no further relief was appropriate or necessary. On April 13, 2018, the trial court issued its judgment entry adopting the magistrate's decision.

{¶ 9} On April 18, 2018, after the trial court had adopted the magistrate's decision, Lundeen filed an objection to the magistrate's decision. The trial court ordered the objection stricken, ruling that any objections were to be filed on or before February 28, 2018, as required by Civ.R. 53(D)(3)(b)(1). This appeal followed.

## II. Law and Analysis

### A. Standard of Review

{¶ 10} Normally, we review a trial court's decision granting summary judgment de novo, applying the same standard as the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Ruf v. Belfance*, 9th Dist. Summit No. 26297, 2013-Ohio-160, ¶ 8.

**{¶ 11}** In this case, however, because Lundeen failed to timely object to the magistrate's decision granting Wells Fargo's motion for summary judgment, she has waived all but plain error. In matters referred to a magistrate, Civ.R. 53(D)(3)(b) imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *Hameed v. Rhoades*, 8th Dist. Cuyahoga No. 94267, 2010-Ohio-4894, ¶ 14; *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 11. Civ.R. 53(D)(3)(b)(iv) provides that "[e]xcept for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Simply put, "one cannot object to an error on appeal that was not raised to the trial court who adopted a magistrate's decision." *Naple v. Bednarik*, 7th Dist. Mahoning No. 11 MA 121, 2012-Ohio-5881, ¶ 34. *See also Third Fed. S. & L. v. McCulloch*, 8th Dist. Cuyahoga No. 97525, 2012-Ohio-1956, ¶ 13 (where mortgagors did not file objections to magistrate's decision granting summary judgment in favor of mortgagee bank, mortgagees "waived any error by failing to timely object" when trial court thereafter adopted the magistrate's decision).

**{¶ 12}** "Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant." *Macintosh Farms Community Assn., Inc. v. Baker*, 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263, ¶ 8, citing *Reichert v. Ingersoll*, 18 Ohio St.3d 220, 223, 480 N.E.2d 802

(1985).  When applying the plain error doctrine in the civil context, reviewing courts "must proceed with the utmost caution."  *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 679 N.E.2d 1099 (1997).  The doctrine is limited to those "extremely rare cases" in which "exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings."  *Id.*  This is not that case.  We find no error, plain or otherwise, in the trial court's entry of summary judgment in this case.

### B.  Sufficiency of Service

{¶ 13}  Lundeen's first three assignments of error all relate to sufficiency of service of the third amended complaint.  In her first assignment of error, Lundeen asserts that the trial court erred in granting summary judgment to Wells Fargo because she was never served with the third amended complaint and, therefore, the action was not commenced within one year of filing, as required by Civ.R. 3(A).  In her second assignment of error, Lundeen contends that the trial court erred in granting summary judgment because she was never served with the third amended complaint and, therefore, the trial court should have dismissed the action on its own initiative pursuant to Civ.R. 4(E).  In her third assignment of error, Lundeen contends that the trial court erred in granting summary judgment to Wells Fargo because she was never served with the third amended complaint and, therefore, the trial court should have sua sponte stricken the third amended complaint pursuant to Civ.R. 3(A).

**{¶ 14}** Lundeen did not raise any of these arguments in the trial court. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate purposes. *Miller v. Cardinal Care Mgmt.*, 8th Dist. Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.*, 2017-Ohio-384, 83 N.E.2d 383 (8th Dist.) (appellate courts "will not consider a question not presented, considered, or decided by a lower court"). Thus, we will not consider these arguments for the first time on appeal.

**{¶ 15}** Even if we were to consider Lundeen's arguments, we would find they have no merit because Lundeen waived any issue with service as a matter of law. Civ.R. 12(H) states that "[a] defense of * * * insufficiency of process, or insufficiency of service of process is waived if * * * it is neither made by motion under this rule nor included in a responsive pleading." Lundeen never filed an answer to the third amended complaint, but she filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on November 7, 2017. Lundeen's motion made no mention whatsoever regarding insufficiency of service of process and, therefore, pursuant to Civ.R. 12(H), she waived that defense.

**{¶ 16}** Additionally, the record reflects that Lundeen filed numerous other motions during the two-year pendency of the case and participated in the proceedings, all without ever raising the issue of insufficiency of service of process. Consequently, she voluntarily submitted to the court's jurisdiction and waived the defense of insufficiency of service of process. *See Derykka R.R. v. Eric R.*, 8th Dist.

Cuyahoga No. 94363, 2010-Ohio-2361, ¶ 24, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 13 (holding that party that filed motions, appeared at hearings, participated in the proceedings, never raising the defense of insufficiency of service of process, waived the defense by voluntarily submitting to the court's jurisdiction).

{¶ 17} Finally, we can presume proper service in this case. Proper service is presumed where the civil rules on service are followed. *Deaton v. Brooker*, 8th Dist. Cuyahoga No. 83416, 2004-Ohio-4630, ¶ 8. Civ.R. 4.6(D) provides that when service by certified mail is returned unclaimed, then service may be made by ordinary mail. Pursuant to the rule,

> [t]he mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. Answer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing. The clerk shall endorse this answer date upon the summons which is sent by ordinary mail. Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery.

{¶ 18} In this case, the record reflects that service to Lundeen by certified mail was returned unclaimed, and ordinary mail service was requested. The record contains the clerk's certificate of mailing, with an answer date endorsed on the summons. The record does not contain any evidence that the ordinary mail envelope was returned for failure of delivery.

{¶ 19} Moreover, even if we do not presume proper service under Civ.R. 4.6(D), it is apparent that Lundeen was served with the third amended complaint.

Lundeen filed her motion for an extension of time to respond to the third amended complaint on February 14, 2017, one day before the answer date of February 15, 2017, as endorsed by the clerk on the summons that accompanied the regular mail service of the third amended complaint. The timing of Lundeen's motion leaves no doubt that despite her protestations of insufficient service, she was indeed served with the third amended complaint.

{¶ 20} The first, second, and third assignments of error are therefore overruled.

### C. Sufficiency of the Affidavit

{¶ 21} In her fourth assignment of error, Lundeen asserts that the trial court erred in granting summary judgment because the affidavit of Shae Smith, which was attached to Wells Fargo's summary judgment motion in support of its motion, failed to authenticate the note and mortgage. In her fifth assignment of error, Lundeen contends there was no evidence upon which the trial court could grant summary judgment because the Smith affidavit did not authenticate the note and mortgage. We consider these errors under a plain error standard because, as discussed above, Lundeen did not timely object to the magistrate's decision granting summary judgment to Wells Fargo.

{¶ 22} Under Civ.R. 56(E), "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." The rule further provides that "sworn or certified

copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." In other words, "attached documents must be verified." *Fifth Third Mtge. Co. v. Campbell*, 2d Dist. Montgomery No. 25458, 2013-Ohio-3032, ¶ 7.

{¶ 23} In her affidavit, Smith averred that she was a vice president of loan documentation with Wells Fargo; was familiar with the business records maintained by Wells Fargo for servicing mortgage loans; had examined those records with respect to the note and mortgage signed by Lundeen; and pursuant to her personal knowledge regarding the terms of the note, Lundeen was in default. Smith further averred that Wells Fargo had been in possession of the note since the filing of the complaint, and was entitled to enforce the note and foreclose the mortgage by operation of merger. Smith averred that "copies" of the note with any applicable endorsements, the mortgage, the notice of default sent by Wells Fargo to Lundeen, and the merger documents were attached as exhibits to the affidavit.

{¶ 24} Lundeen asserts that Smith's averment that the attached documents were "copies," rather than "true and accurate copies," was insufficient to properly authenticate the documents. She further contends that Smith never asserted that she personally saw or viewed the original note and mortgage. Consequently, she contends, the documents were not verified and, thus, Wells Fargo failed to demonstrate it had standing to bring the action. We disagree.

{¶ 25} Evid.R. 901(A) states that the requirement of authentication is satisfied by evidence sufficient to support a finding that the matter in question is

what its proponent claims. Evid.R. 901(B)(1) provides an example of verification that conforms with the authentication requirement, specifying that the testimony of a witness with knowledge that a matter is what it is claimed to be is sufficient. Smith's affidavit authenticated the documents attached to her affidavit in accordance with these rules. She averred that she was a bank officer, had reviewed the bank's business records, and had personal knowledge of their contents. She also averred that the documents attached to her affidavit were copies of the note, mortgage, notice of default, and merger documents. These averments sufficiently established that the documents were what Smith claimed them to be.

{¶ 26} They further satisfied Civ.R. 56(E)'s requirement of "sworn" copies. Contrary to Lundeen's assertion otherwise, there is no requirement that an affiant must describe as "true and accurate" the copies of named documents attached as exhibits. *U.S. Bank N.A. v. Aguilar-Crow*, 7th Dist. Mahoning No. 15 MA 0113, 2016-Ohio-5391, ¶ 25. By stating in a sworn affidavit that the exhibits attached are "copies" of the listed documents, an affiant adequately verifies that the documents are what he or she claims them to be. *Id.* at ¶ 28. *See also Wells Fargo Fin. Ohio 1 v. Robinson*, 2d Dist. Champaign No. 2016-CA-23, 2017-Ohio-2888, ¶ 16 (by averring the exhibits were copies of the documents she examined, the affiant adequately implied the documents were accurate copies of the originals); *Am. Sav. Bank v. Wrage*, 4th Dist. Scioto No. 13CA3566, 2014-Ohio-2168, ¶ 20 (finding the affiant's statement that the note was a copy properly authenticated the exhibit).

**{¶ 27}** Additionally, an affiant need not explain that the attached copy was compared to the original note in order to ensure the bank actually had possession of the note. *Aguilar-Crow* at ¶ 31, citing *Wells Fargo Bank, N.A. v. Hammond*, 8th Dist. Cuyahoga No. 100141, 2014-Ohio-5270, ¶ 37 (no requirement that affiant compare copies of documents attached to affidavit with originals).

**{¶ 28}** In short, we find no plain error in Smith's affidavit or in the trial court's grant of summary judgment to Wells Fargo. The evidence established that Lundeen had signed the note and was in default, and that Wells Fargo, as the corporate successor to the original creditor, was entitled to enforce the note and foreclose on the mortgage. It thus had standing to bring the action. The fourth and fifth assignments of error are overruled.

**{¶ 29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN T. GALLAGHER, A.J., and
MARY J. BOYLE, J., CONCUR