[Cite as *Dhillon v. Dhillon*, 2024-Ohio-3022.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SURINDER DHILLON,                          :

    Plaintiff-Appellee,                   :

                           No. 113746

    v.                                    :

JAGBIR SINGH DHILLON,                      :

    Defendant-Appellant.                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 8, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-95-244330

---

### *Appearances:*

Patrick J. Milligan Co., L.P.A., and Patrick J. Milligan;
James E. Kocka, *for appellee.*

Joseph A. Dubyak, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Jagbir Singh Dhillon ("Jagbir") appeals from the trial court's judgment entry adopting the magistrate's decision barring his claim for civil contempt by application of the equitable doctrine of laches. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} Jagbir and Surinder Dhillon ("Surinder") were married in 1967. The parties had a marriage of long duration, and after over thirty years, a divorce was granted on July 14, 1998.[1] The parties entered into a corresponding separation agreement, which was signed by both parties on June 11, 1998, and incorporated into the July 14, 1998 divorce decree. Relevant to this appeal, Article I of the separation agreement provides:

> Each party shall continue to live separate and apart from the other, and that each shall go his and her own way without direction, control or molestation from the other, the same as though unmarried and each further agrees not to annoy or interfere with the other in any manner whatsoever.

Article II, section 2.5 of the separation agreement states:

> Wife [Surinder] will pay to Husband [Jagbir] as division of property the total sum of $50,000.00, payable at the rate of $500.00 per month when Wife shall begin receiving benefits from P.E.R.S. This obligation shall be charged against Wife's estate.

{¶ 3} Following the divorce, no activity took place in the case until July 6, 2023, when Jagbir filed a motion for contempt and affidavit. In this motion, Jagbir

---

[1] The parties were initially divorced by virtue of an agreed judgment entry journalized on May 29, 1996, which also included a separation agreement executed by both parties. Subsequently, Jagbir filed a motion to vacate the divorce decree, arguing that Surinder misrepresented the status of certain loans relating to the education of one of their adult children; that the parties relied on the contribution amount rather than the present value of Surinder's P.E.R.S. account; and that the court had not resolved ownership of various investments. This motion was denied, and Jagbir subsequently appealed. This court reversed, finding that the trial court had abused its discretion in denying the motion to vacate, and remanded the case. *Dhillon v. Dhillon*, 1997 Ohio App. LEXIS 4567,*6 (8th Dist. Oct. 9, 1997). Upon remand, the trial court issued the July 14, 1998 divorce decree.

requested an order for Surinder to show cause as to why she should not be held in contempt for violating a court order regarding her alleged failure to pay the division of property in the amount of $50,000, pursuant to section 2.5 of the separation agreement. Jagbir also asserted that this failure amounted to a breach of contract, for which the interest was in excess of $100,000.

{¶ 4} On September 13, 2023, Surinder filed a brief in opposition to Jagbir's motion for contempt. Surinder asserted that Jagbir had resided with her "for considerable amounts of time between 2011 and 2022 and continuously from 2019 to 2022." Further, Surinder asserted that the parties had multiple conversations in which Jagbir informed Surinder that "he did not want any money from her since he had been residing in her home (the marital home)" and had access to vehicles without paying her anything for rent or other household expenses. Surinder also argued that the fact that Jagbir never raised the issue of these payments is "prima facie evidence that he was receiving these benefits and more" through residing with Surinder for free and having full use of the home and vehicles.

{¶ 5} On October 13, 2023, Jagbir filed a trial brief. According to Jagbir, he maintained a separate address and never used Surinder's vehicle, but he did stay "approximately one to two months" with Surinder "on seven or eight occasions prior to 2020." Further, Jagbir stated that in 2020, he stayed with Surinder for ten months, and in 2022, he stayed with her for four months. Jagbir asserts that these

stays were "family affairs" and that he therefore was not asked to pay, nor did he offer to pay.

{¶ 6} On October 20, 2023, the magistrate set the matter for trial on November 29, 2023.

{¶ 7} On November 7, 2023, Surinder filed a supplement to her brief in opposition to the contempt motion in which she asserted the affirmative defense of laches. On November 13, 2023, Jagbir filed a motion to deny the affirmative defense of laches.

{¶ 8} On November 29, 2023, instead of proceeding with trial on the contempt motion, Jagbir's counsel made an oral motion to dismiss his motion to show cause and his motion to deny the affirmative defense of laches. The magistrate subsequently dismissed these motions.

{¶ 9} On December 4, 2023, Jagbir again filed a motion for contempt that was identical to his July 6, 2023 motion. On December 19, 2023, Surinder filed a brief in opposition. On December 28, 2023, Jagbir filed a trial brief. On January 5, 2024, Surinder filed an additional brief in opposition.

{¶ 10} On January 22, 2024, the parties filed an agreed judgment entry stating, in relevant part:

> That Defendant, Jagbir Singh Dhillon has filed a motion for Contempt in this matter. The parties further agree that the Affirmative Defense of Latches [sic] has been raised by the Plaintiff, Surinder Dhillon in her brief in opposition to Defendant's motion and additional supporting briefs. Both parties by and thru [sic] counsel have briefed the issue regarding statutes of limitation and Latches [sic] and are now asking

the court to make a ruling on the affirmative Defense of Latches [sic] with regard to this motion for contempt.

**{¶ 11}** The court entered the agreed judgment entry on January 24, 2024.

**{¶ 12}** On February 13, 2024, the magistrate denied Jagbir's motion and issued a decision making the following findings of fact and conclusions of law:

> In the case at bar, 18 years have passed since [Jagbir] decided to assert his claim contained within section 2.5 of the parties' separation agreement. If [Surinder] had begun making the requisite payments of $500 every month to [Jagbir] as per section 2.5 of the parties' separation agreement, the final payment would have been made in 2014, approximately ten years prior to the filing of [Jagbir's] motion for contempt. Further, in his brief, [Jagbir] admits that he was aware that [Surinder] had not been making the $500 per month payments to him. He also states that when he did ask [Surinder] for the monies owed that the two of them would argue so at some point he stopped asking her for the money. [Jagbir] also admits that he stayed with [Surinder] for extended periods of times [sic] and that he did not provide any financial assistance when he stayed in [Surinder's] home.
>
> In her brief, [Surinder] does not deny that she did not pay [Jagbir] the $50,000 that is owed as per the parties' separation agreement. However, she asserts that [Jagbir] was aware that [she] was supposed to be paying him $500 per month as per the parties' separation agreement and that the request for the funds at this late date is unreasonable. [Surinder] further maintains that [Jagbir] does not have a legitimate excuse for not asserting his right. Lastly, [Surinder] alleges that she allowed [Jagbir] to stay with her without asking him to provide financial assistance because she relied on his promise that he did not want any money from her and that he would not be asserting his claim to the property division contained within their separation agreement.
>
> Here, it does appear that the facts at bar support [Surinder's] defense of laches as [Jagbir] admits in his brief that he was fully aware that [Surinder] was to pay him $500 per month beginning in 2005 when she began receiving her PERS. [Jagbir] further admits that when he did not receive the property settlement that he took no action and did not file a motion for contempt until almost 10 years after the last payment would have been made. [Jagbir] did not offer any reasons in his brief for not asserting his right, nor did his brief contain an affidavit from [Jagbir.]. In his brief, [Jagbir] argues that not asserting his claim

timely is not prejudicial to [Surinder] and cites to numerous cases but does not state how the cases cited are applicable to the facts within the case at bar. Lastly, in her brief, [Surinder] argues that she changed her position and allowed [Jagbir] to reside with her on numerous occasions based on the promises made to her that [Jagbir] did not want any money from her. [Surinder] also contends that if she was aware that [Jagbir] was planning to assert his claim to the property division within their separation agreement that she would not have allowed [him] to stay in her home without requiring financial assistance.

In a civil contempt proceeding the movant bears the initial burden of proving by clear and convincing evidence that the other party violated a court order. *Allen v. Allen*, 2003-Ohio-954. "Clear and convincing evidence" is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. *Id.* Once the prima facie case has been established by clear and convincing evidence, the burden shifts to the non-moving party to either rebut the initial showing of contempt or establish an affirmative defense by a preponderance of the evidence. *Pugh v. Pugh*, 15 Ohio St.3d 136 (1984).

The Court finds, by a preponderance of the evidence, that Surinder Dhillon has established a valid defense of laches for the following reasons: There was an unreasonable delay in [Jagbir] asserting his property claim. [Jagbir] has not offered the Court any excuse for the delay despite having actual knowledge that he had not received the property settlement from [Surinder]. Lastly, [Surinder] has established material prejudice as she contends that she allowed [Jagbir] to reside in her home for extended amounts of [time] on numerous occasions without requiring [Jagbir] to provide financial assistance for his stays because she relied on his promise that he would not seek to enforce section 2.5 of the parties' separation agreement.

{¶ 13} Jagbir did not file objections to the magistrate's decision. On March 4, 2024, the trial court adopted the magistrate's decision in its entirety.

{¶ 14} Jagbir appealed, presenting a single assignment of error for our review:

The magistrate abused her discretion in finding that [Surinder] established a valid defense of laches.

**Legal Analysis**

**{¶ 15}** As an initial matter, we note that because Jagbir did not file objections to the magistrate's decision, our review is limited to plain error.

**{¶ 16}** Civ.R. 53 applies to divorce cases heard by a magistrate. Civ.R. 75(C); *see also* Loc.R. 27 of the Cuyahoga County Common Pleas Court, Domestic Relations Division. In matters referred to a magistrate, Civ.R. 53(D)(3)(b) imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *Marrs v. Mickel*, 2023-Ohio-4528, ¶ 12 (8th Dist.), citing *Wells Fargo Bank, N.A. v. Lundeen*, 2020-Ohio-28, ¶ 11. Pursuant to Civ.R. 53(D)(3)(b)(iv), when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3)(b), it generally forfeits the right to assign those issues as errors on appeal. *Id.*, citing *U.S. Bank, N.A. v. Matthews*, 2017-Ohio-4075, ¶ 14 (8th Dist.).

**{¶ 17}** Plain errors are errors in the judicial process that are clearly apparent on the face of the record and are prejudicial to the appellant. *Id.*, citing *Lundeen* at ¶ 12. "When applying the plain-error doctrine in the civil context, reviewing courts 'must proceed with the utmost caution'" because plain error "is limited to those 'extremely rare cases' in which 'exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings.'" *Id.*, quoting *Goldfuss v. Davidson*, 1997-Ohio-401, 121.

{¶ 18} Jagbir has not argued, much less demonstrated, plain error in this case. "This court need not analyze plain error when the appellant has failed to make a plain-error argument." *Id.* at ¶ 15, citing *Alcorso v. Correll*, 2021-Ohio-3351, ¶ 34 (8th Dist.); *O'Donnell v. N.E. Ohio Neighborhood Health Services*, 2020-Ohio-1609, ¶ 87 (8th Dist.); and *Coleman v. Coleman*, 2015-Ohio-2500, ¶ 9 (9th Dist.).

{¶ 19} However, even if we were to consider the issue raised in this appeal, we would find no plain error. Our review of the record does not show that this is the "extremely rare case" where reversal is warranted to avoid a "manifest miscarriage of justice."

{¶ 20} The affirmative defense of laches applies where a party fails "'to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'" *In re S.K.L.*, 2016-Ohio-2826, ¶ 25 (8th Dist.), quoting *Connin v. Bailey*, 15 Ohio St.3d 34, 35 (1984), quoting *Smith v. Smith*, 107 Ohio App. 440, 443-444 (8th Dist. 1957). The elements for laches are:

> (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.

*Frantz v. Martin*, 2009-Ohio-2378, ¶ 16 (8th Dist.), quoting *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 1995-Ohio-269, 145.

{¶ 21} The parties do not dispute that Surinder retired in 2005, at which point she would have begun receiving benefits from P.E.R.S. The record reflects that Jagbir waited nearly 20 years after he should have begun receiving payments pursuant to the separation agreement; this is an unreasonable delay. The record

also does not contain any excuse for this significant delay. Further, the record, and Jagbir's own statements, make clear that he had actual knowledge that he was not receiving the payments. Finally, the record reflects prejudice to Surinder because she allowed Jagbir to stay with her for numerous extended periods of time in reliance on Jagbir's statements that he did not want the payments from her. Therefore, Surinder established that the affirmative defense of laches applies. Jagbir's arguments to the contrary do not assert any legal error; they merely disagree with the lower court's findings. We find no plain error in the trial court's decision to adopt the magistrate's decision in its entirety. Jagbir's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR